IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| YUSUF BROWN-AUSTIN, | Case No. 1:23-cv-478 |
| Plaintiff, | Judge Matthew W. McFarland |
| v. | |
| ANNETTE CHAMBERS-SMITH, et al., | |
| Defendants. | |

**ORDER DENYING PLAINTIFF'S MOTION TO STAY (Doc. 10)**

This matter is before the Court on Plaintiff's Motion to Stay Briefing on Defendants' Motions to Dismiss (Doc. 10). Defendants Doug Fender and Investigator Wyman filed a Response in Opposition to the Motion (Doc. 11), to which Plaintiff failed to file a timely reply in support. *See* S.D. Ohio Civ. R. 7.2(a)(2). Thus, this matter is ripe for the Court's review. For the reasons below, Plaintiff's Motion to Stay (Doc. 10) is **DENIED**.

A district court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). District courts have wide discretion in evaluating the appropriateness of a stay. *FTC v. EMA Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014).

The party seeking a stay of proceedings has the burden of establishing both the "pressing need for delay" and "that neither the other party nor the public will suffer harm

from entry of the order." *Ohio Env't Council v. United States Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). In determining whether to grant a stay, "district courts often consider the following factors: the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 U.S. Dist. LEXIS 25358, at *1 (S.D. Ohio Oct. 21, 2005) (citation omitted).

Plaintiff has not met his burden to show that a stay is appropriate. Plaintiff requests that this Court stay the briefing schedule on Defendants' Motions to Dismiss (Docs. 5, 6) until the resolution of a Motion for a Preliminary Injunction filed in another case.[1] (*See* Motion, Doc. 10.) To be sure, the Court has the authority to stay this case "pending resolution of independent proceedings which bear upon the case at hand." *Unroe v. Vilsack*, No. 2:11-CV-592, 2012 U.S. Dist. LEXIS 114480, at *1 (S.D. Ohio Aug. 14, 2012) (citations omitted). But, Plaintiff neither explains how these cases are related, nor identifies how resolution of the preliminary injunction motion will impact this case. (Motion, Doc. 10, Pg. ID 69.) Instead, Plaintiff simply maintains that a stay "make[s] sense," without further elaboration. (*Id.*) This is not enough to show the "pressing need" for a stay. *Ohio Env't Council*, 565 F.2d at 396.

Thus, Plaintiff's Motion to Stay (Doc. 10) is **DENIED**.

---

[1] In his motion, Plaintiff incorrectly states that this case has a pending motion for preliminary injunction. (*See* Motion, Doc. 10.) Defendant Fender and Wyman's Response clarifies that Plaintiff is likely referring to the Motion for Preliminary Injunction filed in Case Number 1:23-CV-475. (*See* Response, Doc. 11, Pg. ID 72.)

2

**IT IS SO ORDERED.**

                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF OHIO

By: _____
                                    JUDGE MATTHEW W. McFARLAND