## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

YUSEF BROWN-AUSTIN,

    Plaintiff,

    v.

ANNETTE CHAMBERS-SMITH, et al.,

    Defendants.

Case No. 1:23-cv-478

McFarland, J.
Bowman, M.J.

### MEMORANDUM ORDER AND OPINION

On July 28, 2023, Plaintiff, a state prisoner currently incarcerated at the Southern Ohio Correctional Facility, paid the full filing fee and filed a verified complaint through retained counsel against multiple Defendants. On August 19, 2024, the Court dismissed two Defendants based on Plaintiff's failure to serve them. On August 22, 2024, the Court granted motions to dismiss by all remaining Defendants, resulting in the entry of final judgment. (*See* Docs. 30, 31, 32). Plaintiff did not timely appeal. Instead, on January 28, 2025, Plaintiff filed a post-judgment motion seeking to reopen this case pursuant to Rule 60(b), Fed. R. Civ. P. (Doc. 39). Plaintiff's Rule 60(b) motion has been referred to the undersigned magistrate judge for initial consideration, along with several additional post-judgment motions.

This order addresses non-dispositive motions filed by Plaintiff as well as a construed motion seeking leave to file a sur-reply filed by Defendants.

### I.    A Brief Procedural History of Plaintiff's Three Related Cases

Prior to addressing the pro se motions filed by Plaintiff and the construed motion filed by Defendants in this case, the undersigned takes judicial notice that Plaintiff was

not always pro se. In fact, he initiated this lawsuit and two other cases through retained counsel. *See* Nos. 1:23-cv-475-MRB and 1:24-cv-397-MWM-SKB. Plaintiff's Rule 60(b) motion in this case is based in large part on allegations of misconduct by his former counsel.

Plaintiff's first-filed case, No. 1:23-cv-475-MRB, was voluntarily dismissed without prejudice by Plaintiff while he was still represented by that counsel, under Rule 41(a)(1).[1] The above-captioned case was filed the day after the first case was filed and was dismissed on Defendants' motions on August 22, 2024. The third case was filed on July 29, 2024, just prior to dismissal of the instant (second) case. *See* No. 1:24-cv-397-MWM-SKB.

In Plaintiff's most recent (third) case, counsel formally withdrew from representation after Defendants filed two separate motions to dismiss. After counsel withdrew, Plaintiff filed pro se responses to the motions to dismiss. Those motions remain pending in No. 1:24-cv-397-MWM-SKB along with several pro se motions filed by Plaintiff.[2] Thus, the 2024 case is the only one of Plaintiff's three cases that remains on the Court's active docket.

As stated, Plaintiff proceeds pro se for purposes of the pending Rule 60(b) motion.[3] In that motion, Plaintiff seeks to set aside the August 22, 2024 entry of judgment and restore this closed case to the active docket. Assuming that the Court grants his Rule

---

[1] Notably, the original complaint in No. 1:23-cv-475-MRB set forth a civil RICO claim, but that RICO claim was later dismissed through Plaintiff's filing of two amended complaints.
[2] Among the motions filed by Plaintiff in No. 1:24-cv-397-MWM-SKB is a motion to further amend his complaint to add a RICO claim.
[3] The docket sheet reflects Plaintiff's pro se status as of February 7, 2025, a date that corresponds with this Court's order granting counsel's motion to withdraw from further representation in related Case No. 1:24-cv-397-MWM-SKB. The Court's decision to administratively terminate counsel's representation in this related-but-closed case, at least for purposes of adjudicating the post-judgment motion, is well-supported by the contents of Plaintiff's Rule 60(b) motion and supporting exhibits.

60(b) motion, Plaintiff further seeks to consolidate this second case with the later-filed No. 1:24-cv-397-MWM-SKB, as well as to file an amended pleading in the newly consolidated case.

## II.    Analysis of Pending Non-dispositive Motions in the Instant Case

### Motion to File Supplemental Exhibits to Plaintiff's Rule 60(b) Motion and Defendants' Construed Request for Leave to File a Sur-reply

Three of Plaintiff's motions seek leave to file supplemental exhibits to the Plaintiff's January 28, 2025 motion to vacate the judgment in this case. (*See* Docs. 43, 44, 50). The exhibits were referenced in Plaintiff's original motion to vacate, (*see* Doc. 39), but were not attached to the motion itself. In a series of responses to Plaintiff's motions, Defendants Warden Fender, Investigator Wyman, and CoreCivic, Inc. state that they "take no position" either in favor or in opposition to the requests to supplement. (Docs. 46, 47, 52). However, the same Defendants request the opportunity to respond to the newly filed exhibits if this Court grants Plaintiff's requests to supplement. (*Id.*) Defendants' request to respond to the newly filed exhibits is appropriately construed as a conditional motion seeking leave to file a sur-reply.

The Court will partially grant Plaintiff's requests to supplement the record by granting the motions filed on February 24, 2025 and on April 1, 2025. (Docs. 44, 50). But the Court will deny as duplicative and unnecessary an earlier request to supplement the record with handwritten copies of the same exhibits.

Because Plaintiff's exhibits introduce new evidentiary support for Plaintiff's argument that his previously-retained counsel abandoned representation, acted without his client's authority, and actively deceived Plaintiff about proceedings in this case, Defendants' construed motion for leave to file a sur-reply also will be granted. That said,

briefing is otherwise complete. And any additional delay in ruling on Plaintiff's Rule 60(b) motion frustrates the interests of justice. For that reason, the Court forewarns Defendants that it is unlikely to extend the time period set forth below for the filing of sur-replies.

**Plaintiff's Motion for a Control Number**

In addition to seeking to supplement the record, Plaintiff has filed a document on February 24, 2025 that was docketed as a motion seeking a "control number" on legal mail from this Court. The motion refers to a relatively recent Ohio Department of Rehabilitation and Correction ("ODRC") change in policy that impacts the receipt of legal mail sent to prisoners, ODRC Policy 75-MAL-03. The policy permits authorities to treat legal mail sent to an inmate as regular non-legal mail unless the mail is marked with a legible and valid "control number." Plaintiff asserts that this Court's last order "was opened, copied and read by prison staff outside my presence" because it lacked a control number. (Doc. 45, PageID 302). Defendants have filed no response to Plaintiff's motion.

As this Court has previously noted, in *Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003), the Sixth Circuit clearly defined "mail from a court" as "legal mail" which "cannot be opened outside the presence of a prisoner who has specifically requested otherwise." To date, this Court has declined to direct the Clerk to obtain a "control number" for every piece of mail sent to every Ohio inmate based in part on the administrative burden that such a requirement would impose. And under *Sallier*, it would not appear that there is any need for the Court to do so. Instead, in cases in which a Plaintiff expresses a specific concern about legal mail from this Court in a particular case, the Court has directed the Defendants and/or their representatives to process the plaintiff's mail as "legal mail" in that particular case. *See*, *e.g.*, *Vinson v. Warden*, No. 2:23-cv-80-EAS-SKB (Doc. 19,

4

1/8/24 Memorandum Opinion and Order); *Williams v. Warden*, No. 2-23-cv-1042-JLG-KAJ (Doc. 28, 12/20/23 Order). The Court therefore will deny Plaintiff's motion for a "control number" while directing Defendants to appropriately process legal mail from this Court in this case alone.

### III.    Conclusion and Order

Accordingly, **IT IS ORDERED:**

1. Plaintiff's motions to supplement the record with typewritten copies of exhibits in support of his previously-filed motion to vacate (Docs. 44, 50) are GRANTED;

2. Plaintiff's motion for leave to file a supplemental pleading containing duplicate handwritten copies of the same exhibits (Doc. 43) is DENIED;

3. Plaintiff's motion to attach a "control number" to all legal mail originating from this Court regarding this case (Doc. 45) is DENIED without prejudice to renew if the problem persists after receipt of this Order;

4. **From this day forward, mail from this Court addressed to Plaintiff in this case is legal mail under *Sallier*, and the ODRC must treat it as legal mail regardless of whether it bears a "control number"**;

5. Defendants' construed motions for leave to file a sur-reply in order to address the newly supplemented record in support of Plaintiff's Rule 60(b) motion (Docs. 47, 52) are GRANTED;

6. Any Defendant who desires to file a sur-reply relating to Plaintiff's Rule 60(b) motion may do so within fourteen (14) days of the date of this Order, after which briefing shall be deemed to be complete.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge