IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| YUSUF BROWN-AUSTIN, | : | Case No. 1:23-cv-478 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| ANNETTE CHAMBERS-SMITH, et al., | : | |
| Defendants. | : | |

**ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 58)**

This action is before the Court upon the Report and Recommendation (the "Report") (Doc. 58) of United States Magistrate Judge Stephanie K. Bowman, to whom this case is referred pursuant to 28 U.S.C. § 636(b). In the Report, the Magistrate Judge recommended that Plaintiff's Motion to Vacate Judgment (Doc. 39) and Motion for Order to Show Cause (Doc. 53) be denied. Plaintiff objected to the Report (Doc. 58), and Defendants filed Responses in Opposition (Docs. 60, 63). Thus, the matter is ripe for review.

In Plaintiff's Motion to Vacate, he argued, among other things, that this Court should set aside the judgment against him because his attorney lied about including a RICO claim in the Complaint. (Motion to Vacate, Doc. 39, Pg. ID 207.) The Magistrate Judge recommended denying this motion because the evidence that Plaintiff provided for these alleged lies—messages between Plaintiff and his attorney—were unclear as to which of his several cases they referred to. (Report, Doc. 58, Pg. ID 373.) Plaintiff objects,

arguing that the messages related to this case were properly labeled. (Objection, Doc. 59, Pg. ID 385.) Even if this were true, however, Plaintiff cannot subvert the primary reason why the Magistrate Judge recommended denying Plaintiff's Motion, that the RICO claim which Plaintiff is now attempting to bring is futile due to a lack of standing. (Report, Doc. 58. Pg. ID 374.)

Plaintiff argues that he has standing to bring a RICO claim because he was forced to work without pay while incarcerated. (Objection, Doc. 59, Pg. ID 385-86.) But, "RICO provides a private cause of action for '[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter." *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 6 (2010) (quoting 18 U.S.C. § 1964(c)). Put simply, the "[plaintiff] need[s] to show they suffered a commercial injury" to have standing. *Compound Prop. Mgmt. LLC v. Build Realty, Inc.*, 343 F.R.D. 378, 406 (S.D. Ohio 2003). Here, Plaintiff's comparison of his own personal labor to a commercial enterprise does not comport with the type of injury contemplated by the RICO statute. Plaintiff provides no example of another court extending RICO standing to such a circumstance and this Court declines to do so. Accordingly, this objection is overruled.

Plaintiff next objects to the Report arguing that it failed to address Plaintiff's Eighth Amendment, 42 U.S.C. § 1985, and 42 U.S.C. § 1986 claims. (Objection, Doc. 59, Pg. ID 382.) Defendants respond, noting that Plaintiff's Motion to Vacate only addressed his potential RICO claim and thus this objection is improper. (Response, Doc. 63, Pg. ID 428.) The Court agrees. The Sixth Circuit has generally held that, "issues raised for the first time in objections to a magistrate judge's report and recommendation are deemed

2

waived." *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023) (cleaned up). Plaintiff made no argument involving his Eighth Amendment, Section 1985, and Section 1986 claims in his Motion to Vacate. (*See* Motion to Vacate, Doc. 39.) Having waived this objection, it is overruled.

Plaintiff last objects to the Magistrate Judge's recommendation that Plaintiff's Motion for a Show Cause Order be denied. (Objection, Doc. 59, Pg. ID 385.) Plaintiff explains that, although he did sign a Complaint that did not contain any RICO claims, the Court should excuse this because Plaintiff "was mailed more than one complaint by his former attorney." (Objection, Doc. 59, Pg. ID 385.) The number of draft complaints sent to Plaintiff, however, is irrelevant and does not negate the fact that Plaintiff signed and attested to the accuracy of the Complaint that was filed before the Court. (*See* Complaint, Doc. 1, Pg. ID 18.) Thus, this objection is also overruled.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Plaintiff's Objections (Doc. 59) are not well taken and, therefore, **OVERRULED**. Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 58) and **DENIES** Plaintiff's Motion to Vacate Judgment (Doc. 39) and Motion for Order to Show Cause (Doc. 53).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *[signature: Matthew W. McFarland]*
JUDGE MATTHEW W. McFARLAND